UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| Henroy Franklin Mitchell, | : | |
| Arlene Anita Terry Mitchell | : | |
| a.k.a. Arlene Anita Terry | : | CASE NO. 13-00015 |
| | : | |
| Debtors. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Arlene Anita Terry Mitchell, | : | |
| Also known as Arlene Anita Terry, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

The United States of America, by counsel and on behalf of the Social Security Administration ("SSA"), complains and alleges against Arlene Anita Terry Mitchell a.k.a. Arlene Anita Terry ("Debtor") as follows:

1. This Court has jurisdiction over this matter under the provisions of 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (O).

3. Venue is appropriate in the District of Columbia under 28 U.S.C. § 1409.

4. Plaintiff is the United States of America acting on behalf of SSA.

5. The Debtor is an individual residing within the District of Columbia.

6. The Debtor and her husband, Henroy Mitchell, jointly filed a petition under Chapter 7 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on January 11, 2013.

7. On January 11, 2013, the Debtor filed her bankruptcy schedules ("Schedule A" through "Schedule J" and, collectively, the "Schedules") (Docket No. 1).

8. In her Schedule F, the Debtor listed SSA as a creditor holding an unsecured nonpriority claim in the amount of $22,469 (the "Claim").

9. In Schedule F, the Debtor represented that the Claim was incurred on account of an "overpayment" of benefits.

## STATUTORY FRAMEWORK

10. Title XVI of the Social Security Act (the "Act") is a "need-based" program and provides for the payment of SSI benefits to indigent persons who cannot perform any substantial gainful activity in the national economy. 42 U.S.C. §§ 1381-1383f.

11. Because SSI is a needs-based program, eligibility for SSI benefits requires a showing of both medical disability and financial need. 42 U.S.C. §§ 1382(a), 1382c(a). An individual who meets the medical requirements for disability, but has income, resources that exceed statutory amounts, or some combination thereof is not eligible for SSI. *Id.*

12. A claimant is not elgible for SSI until, among other preconditions, the date she files an application for SSI benefits. *See* 20 C.F.R. §§ 416.202, .501.

13. The amount of income an individual earns is a major factor in determining both eligibility for SSI benefits and the amount of monthly benefits paid. 20 C.F.R. § 416.1100. Therefore, SSI benefit payments must be reduced to account for the combination of an individual's earnings and resources.

14. An individual's monthly SSI payment is reduced by subtracting countable income. 20 C.F.R. §§ 416.1110-.1112. Generally, the greater an individual's income, the more the indivdual's benefits will be reduced in the calculus. *Id.*

15. Net earnings from self-employment on a taxable year basis count against the amount of an individual's SSI payment. 20 C.F.R. § 416.1111. To determine an individual's countable income, the net earnings from self-employment are divided equally among the months in the taxable year. *Id.* If an individual only receives self-employment income and SSI payments, the first $85 of an individual's monthly earnings is excluded. 20 C.F.R. §§ 416.1112. *See also* Exhibit 1, at 8 (Notice of Planned Action Dated 9/13/2012). The remaining earnings amount is divided in half. 20 C.F.R. §§ 416.1110-.1112. The monthly maximum SSI benefit is then reduced by the remaining amount.[1]

16. From 2009 through 2011, the most an individual could receive in SSI benefits was $674.00 per month; in 2012, the maximum was $698.00 per month. SSI Federal Payment Amounts, Social Security Administration, http://www.ssa.gov/OACT/cola/SSIamts.html (last visited Aug. 27, 2013).

## THE APPLICATION

17. On or about October 22, 2007, the Debtor filed an application (the "Application") for SSI. *See* Exhibit 2.

18. In the Application, the Debtor alleged that she neither received nor expected to receive any income after October 1, 2007, except for SSI benefits. *See* Exhibit 2, at 3.

---

[1] For example, if an individual earned $1000 per month in self-employment income and the individual received no other income besides SSI benefits, then $457.50 would be deducted from the individual's monthly SSI payment ($1000-$85 = $915; $915/2 = $457.50).

3

19. The Application further instructed the Debtor of her reporting responsibilities. The Application specifically advised the Debtor to "[r]eport changes in income" and that she "must tell [SSA] about any change *within 10 days after the month it happens*." *See* Exhibit 2, at 5 (emphasis added).

20. The Application also instructed the Debtor that:

You must report to Social Security if:

- The amount of money (or checks or any other type of payment) you receive from someone or someplace goes up or down, or you start to receive money (or checks or any other type of payment);

- You start work or stop work;

- Your earnings go up or down.

*Id.,* at 6.

## DEBTOR'S RECEIPT OF SSI

21. On or about April 27, 2010, following an administrative hearing, SSA awarded SSI to the Debtor, effective March 26, 2009. *See* Exhibit 3 (Fully Favorable Administrative Law Judge Decision Dated April 27, 2010).

22. On or about April 29, 2010, the Debtor completed a "Review Statement Summary for Supplemental Security Income" (the "Statement"), which inquired, among other things, about her financial eligibility for SSI. *See* Exhibit 4 (Review Statement Summary for Supplemental Security Income).

23. In the Statement, the Debtor represented that she neither received nor expected to receive any income other than state assistance after October 1, 2007. *See* Exhibit 4, at 3.

4

24. The Statement again advised the Debtor of her responsibility to report, among other things, work activity and income. Exhibit 4, at 5-7. The Statement instructed the Debtor that she "must report any change within 10 days after the month it occurs." *Id.,* at 5.

## THE OVERPAYMENT

25. At the time of her April 2010 disability award, the Debtor was actually self-employed as a taxi driver. *See* Exhibit 5 (Earnings Record); Exhibit 6 (July 22, 2013 Signed Statement of Claimant). She earned income while she simulatenously received SSI benefits from April 2009 through and including September 2012, and failed promptly to notify SSA of her income in accordance with her reporting responsibilities. *Id.*

26. SSA's earnings records (the "Earnings Records") indicate that the Debtor earned self-employment income from 2008 through 2012:

| TAXABLE YEAR | INCOME |
|---|---|
| 2008 | $16,531 |
| 2009 | $13,388 |
| 2010 | $12,360 |
| 2011 | $15,080 |
| 2012 | $13,904 |

*See* Exhibits 5 and 6.

27. The Debtor was again reminded of her reporting responsibilities in a November 27, 2011 Notice of Change in Payment. *See* Exhibit 7. The Notice instructed the Debtor that "[y]our SSI payments may change if your situation changes. You are required to report any

5

changes that may affect your SSI no later than 10 days after the month the change takes place."
*Id.,* at 2.

28.   The Notice further advised the Debtor to "[p]lease call 1-800-772-1213 or contact your local Social Security office to report any of the following changes:

- you start or stop work, or your wages increase or decrease

Exhibit 7, at 2. A copy of this Notice was provided both to the Debtor and to her disability attorney. *Id.,* at 1-2.

29.   In September 2012, SSA learned that the Debtor had additional earnings. In a Notice of Planned Action dated September 13, 2012, SSA explained that the Debtor's SSI benefits should have been reduced because of her self-employment income. *See* Exhibit 1.

30.   Specifically, because of her earnings, the Debtor should have received the following SSI payments:

| Time Period | Amount SSI Paid | Amount SSI Actually Due |
|---|---|---|
| April 1, 2009 - February 28, 2010 | $674 | $158.67 |
| March 1, 2010 – February 28, 2011 | $674 | $201.50 |
| March 1, 2011 – December 31, 2011 | $674 | $ 88.17 |
| January 1, 2012 – February 29, 2012 | $698 | $112.17 |
| March 1, 2012– September 30, 2012 | $698 | $161.17 |

After accounting for the Debtor's self-employment income, the Debtor was only entitled to receive a total of $6,397.60 in SSI payments between April 2009 and September 2012. *See* Exhibit 1, at 1; Exhibit 8 (October 12, 2012 Notice of Overpayment). Accordingly, the Debtor

6

was overpaid by SSA in the approximate amount of $22,126.40 (the "Overpayment"). *See* Exhibit 8.

33. The Debtor failed promptly to notify SSA of her work activity and earnings.

32. The Debtor's failure promptly to notify SSA of her work activity and earnings was false and fraudulent.

33. As a result of the Debtor's failure promptly to report her work activity in accordance with her reporting responsibilities, SSA overpaid the Debtor benefits totaling $22,126.40, to which she was not entitled.

34. On November 19, 2012, SSA informed the Debtor that it would not waive her Overpayment at that time. *See* Exhibit 9. SSA also informed the Debtor of her appeal rights. *Id.,* at 2.

## COUNT ONE

(Exception from Discharge of Debt Owed by Debtor to
SSA Pursuant to 11 U.S.C. § 523(a)(2)(A))

35. The United States of America realleges and incorporates by reference the above paragraphs 1 through 35, as if fully set forth herein.

36. At all relevant times, the Debtor had a duty promptly to report her work activity and earnings to SSA.

37. The Debtor falsely and fraudulently failed timely to inform SSA that she engaged in work activity and earned self-employment income that would reduce the amount of her SSI payments.

38. When she withheld the information that she was engaging in work activity and earning self-employment income that would reduce the amount of her SSI payments, the Debtor knew such omissions were false and fraudulent.

39. The Debtor's failure timely and accurately to report her income wrongfully induced SSA to pay the Debtor SSI benefits to which she was not entitled.

40. The SSA has sustained a loss in the amount of the Overpayment, for which the proximate cause is the Debtor's false and fraudulent omissions and failure promptly to report her earnings from her self-employment.

41. The Debtor obtained the Overpayment from SSA by false pretenses, a false representation, actual fraud, or some combination thereof.

42. Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, the Overpayment constitutes a nondischargeable debt in this bankruptcy case.

**WHEREFORE**, the United States of America respectfully requests the following relief from this Honorable Court:

(1) A finding that the Debtor owes $22,126.40 to the United States of America, Social Security Administration constitutes a nondischargeable sum pursuant to 11 U.S.C. § 523(a)(2)(A);

(2) Judgment against the Debtor and in favor of the United States of America in the principal amount of $22,126.40, plus interest at the judgment rate;

(3) An Order permitting the SSA to setoff any future benefits, pursuant to SSI or otherwise, that the Debtor may receive, which it may apply to satisfy the judgment without violating the automatic stay in this case or any other injunction;

(4)    An Order that SSA may setoff any remaining sums owed by the Debtor as against tax refunds or other withholdings, to the extent authorized by law;

(5)    An Order that, in the unfortunate event of the Debtor's demise, prior to her satisfying fully her debt to the SSA, the SSA shall have a claim against the Debtor's estate for any and all remaining amounts owed to the SSA, and will be given priority over other claims, pursuant to 31 U.S.C. § 3713, if there are insufficient assets in the estate to pay other claims;

(6)    An Order that, if the Debtor defaults on her repayment obligations, the SSA shall have reserved to it the right to pursue all reasonable legal means to collect the outstanding debt, including, but not limited to, placement into the Treasury Offset Program, Administrative Wage Garnishment, and any other legally available means for collection of the debt; and

(7)    Award the United States of America such other relief as the Court may deem just and proper.

                                                Respectfully submitted,

                                                RONALD C. MACHEN JR., D.C. Bar # 447889
                                                United States Attorney

                                                DANIEL F. VAN HORN, D.C. Bar # 924092
                                                Chief, Civil Division

                                                            /s/
                                                OLIVER W. McDANIEL, D.C. Bar #377360
                                                Assistant United States Attorney
                                                Civil Division
                                                555 4th Street, N.W.
                                                Washington, D.C. 20530
                                                (202) 252-2508 / (202) 514-8780 (Facsimile)
                                                oliver.mcdaniel@usdoj.gov

August 28, 2013

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that copies of the foregoing Complaint to Determine Dischargeability of Debt and the attached Exhibits were served on the following on this 28th day of August, 2013, by the Electronic Case Filing system and the United States mail, postage prepaid:

Kevin D. Judd
601 Pennsylvania Avenue, NW
Suite 900 - South Building
Washington, D.C. 20004
Counsel for the Debtors

Arlene Anita Terry Mitchell
2510 Pomeroy Road Southeast, Apt 204
Washington, D.C. 20020 6516

Wendell W. Webster (Trustee)
Webster, Fredrickson, Correia & Puth
1775 K Street, NW
Suite 600
Washington, D.C. 20006

U.S. Trustee for Region Four
U.S. Trustee's Office
115 South Union Street
Suite 2010 Plaza Level
Alexandria, VA 22314

Atlas Acquisitions LLC (Creditor)
294 Union Street
Hackensack, NJ 07601

                                                      /s/
                                    OLIVER W. McDANIEL, D.C. Bar #377360
                                    Assistant United States Attorney